**ADORNO & YOSS, LLP**
Thomas L. Peterson (Bar No. 392,329)
1000 Vermont Avenue, NW, Suite 450
Washington, DC 20005
Attorneys For Plaintiff
Telephone: (202) 408-5700
Facsimile: (202)408-7677
tpeterson@adorno.com

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT MCQUEEN | } | |
| Plaintiff | } | Civil Action No. |
| | } | |
| v. | } | |
| | } | |
| WOODSTREAM CORPORATION | } | JURY DEMAND |
| Defendant | } | |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW the Plaintiff, Robert McQueen, by and through his attorneys of record, and for claims against the Defendant allege and aver the cause of action set forth below:

### I.     PARTIES

1.     Plaintiff, Robert McQueen ("McQueen") is a private individual having a mailing address at 611 Raleigh Place, S.E. Washington, DC 20032. McQueen has performed any and all prerequisites for bringing and maintaining this action.

2.     Upon information and belief, Defendant Woodstream Corporation "Woodstream") is incorporated in the state of Pennsylvania and has a mailing address at 69 N. Locus Street, Lititz, PA 17543 and a place of business at such address. Defendant

Woodstream also does business in the District of Columbia through various resellers of its products.

## II.    JURISDICTION

3.    Jurisdiction is properly vested in this Court by virtue of 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Constitution of the United States of American and an Act of Congress relating to Patents; and more particularly, to the Patent Act, 35 U.S.C. §§ 271-297.

4.    Jurisdiction is also properly vested in this Court by virtue of the fact that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## III.    VENUE

5.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Defendant transacts business, has regular and established places of business, and /or transacts business at the time the causes of action arose within the District of Columbia.

## IV.    FACTS

6.    On December 1, 1987, the United States Patent and Trademark Office issued U.S. Patent No. 4,709,503 entitled "Crawling Insert Trap" to Plaintiff McQueen (hereinafter, the "503 patent", a copy of which is attached hereto as Exhibit A).

7.    On March 28, 1989, the United States Patent and Trademark Office issued U.S. Patent No. 4,815,231 entitled "Trap For Small Crawling Pests" to Plaintiff McQueen (hereinafter, the "231 patent", a copy of which is attached hereto as Exhibit B).

8.    The '503 and '231 patents (collectively, "the McQueen patents") are directed to a trap for catching small crawling insects.

9.      On February 14, 1992, Plaintiff McQueen, through his representatives, disclosed the technology described and claimed in the McQueen patents to Defendant Woodstream and offered a reasonable license to Woodstream for the use of such technology. At various subsequent times, Plaintiff McQueen offered a reasonable license to Woodstream for the patented McQueen technology. Defendant Woodstream continues to refuse to take a license and has sold, under at least the Victor® trademark, a number of products which infringe one or more claims of the McQueen patents.

10.     Defendant Woodstream's unauthorized use of the McQueen technology has caused, and will continue to cause, injury to Plaintiff McQueen.

## V.      COUNT – PATENT INFRINGEMENT

11.     McQueen incorporates by reference paragraphs 1 – 10 set forth above.

12.     Defendant Woodstream willfully infringed, and continues to infringe, the McQueen patents in violation of 35 U.S.C. § 271.

13.     Defendant Woodstream is, and was at all relevant times, aware of the McQueen patents and knowingly, willfully and deliberately disregarded and infringed the patents.

14      Defendant Woodstream has profited by its infringing activities, and Plaintiff McQueen has been damaged by the infringing acts of Defendant in an amount to be proven at trial, but which amount includes all remedies available under the U.S. Patent Act.

## VI.      PRAYER FOR RELIEF

        WHEREFORE, Plaintiff McQueen, having asserted a claim for relief, prays for judgment against Defendant Woodstream as follows:

(1)     Such actual damages as Plaintiff McQueen has sustained as a consequence of Defendant's infringement of the McQueen patents, together with all profits of Defendant Woodstream that are attributable to said infringement and are not taken into account in computing said actual damages, pursuant to 35 U.S.C. § 284.

(2)     Defendant Woodstream be required to pay Plaintiff McQueen the full cost of this action, including reasonable attorney fees as authorized by 35 U.S.C. § 285.

(3)     This Court award Plaintiff McQueen an assessment of pre-judgment and post-judgment interest on the amount of damages suffered by Plaintiff McQueen.

(4)     This Court temporarily and permanently enjoin Defendant Woodstream from committing further infringement of the McQueen patents.

(5)     This Court award Plaintiff McQueen exemplary damages for Defendant Woodstream's willful, bad faith, and malicious appropriation of the McQueen patents.

(6)     For judgment on Plaintiff McQueen's claims, as alleged above in an amount to be proven at the time of trial.

(7)     This Court award Plaintiff McQueen such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this _21st_ day of October, 2005

ADORNO  & YOSS, LLP


_____
Thomas L. Peterson
Bar No. 392,329
Suite 450
1000 Vermont Avenue, NW
Washington, DC 20005
(202) 408-5700
tpeterson@adorno.com