UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT MCQUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  1:05-CV-2068 |
| | ) | |
| v. | ) | Judge Ricardo M. Urbina |
| | ) | |
| WOODSTREAM CORPORATION, | ) | |
| 69 N. Locust Street | ) | |
| Lititz, PA 17543 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**VERIFIED MOTION TO QUASH SERVICE OF PROCESS
AND MEMORANDUM IN SUPPORT**

Defendant Woodstream Corporation ("Woodstream"), by counsel, hereby moves pursuant to FRCP 12(b)(5) for an order quashing service of process by Plaintiff Robert McQueen ("Plaintiff").  The basis for this motion is that the method employed by Plaintiff to serve the complaint and summons herein—certified mail—is insufficient as a matter of law.

The grounds for this motion are set forth is more detail in the Memorandum below.

A proposed form of order is attached.

**Memorandum of Points and Authorities**

**The lawsuit and parties**

1.  This is an action for patent infringement under federal law.  The Plaintiff is Robert McQueen, an individual who claims to be the named inventor of two patents allegedly infringed, U.S. Patent No. 4,815,231, *Trap for Small Crawling Pests*, issued March 28, 1989; and U.S. Patent No.  4,709,503, *Crawling Insect Trap*, issued December 1, 1987.  Both patents

have expired. Defendant Woodstream is a corporation that has its principal place of business in Lititz, Pennsylvania.

**Method of service used by Plaintiff**

2.      On or about August 14, 2006, Woodstream received the summons and complaint herein by first class U.S. certified mail, return receipt requested. The return receipt was signed for by a company receptionist, who is not an officer, managing or general agent of Woodstream nor authorized by appointment or law to receive service on its behalf.

3.      Plaintiff made no request that Woodstream waive service of the complaint.

**Service by mail is improper**

4.      Plaintiff has the burden of establishing the validity of service when challenged. *Wilson v. Prudential Financial*, 332 F. Supp.2d 83, 87 (D.D.C. 2004) (Urbina, J.). A plaintiff's "pro se status does not relieve [him] of [his] obligation to properly effect service of summons and complaint as required by the Federal Rules of Civil Procedure." *Sayyah v. Brown County Bd. of Comm'rs*, 2005 U.S. Dist. LEXIS 15225 at *17 (S.D. Ohio) (adopting magistrate judge's recommendation).

5.      Service of process upon a corporation like Woodstream is improper unless it was effected in accordance with either FRCP 4(h); the service of process rules of the District of Columbia, SCR (Civil) 4(h)(1); or those of Pennsylvania, Pa. R. Civ. P. 424, where Woodstream resides and Plaintiff attempted service. *See James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 17 (2002). "Delivery" of process under Rule 4(h) means *personal* delivery rather than by mail. *See In re Ass'n of Volleyball Professionals*, 256 B.R. 313, 318 (Bankr. C.D. Cal. 2000).

6.  None of the applicable rules permit service by mail:

- The **Federal Rules of Civil Procedure** do not provide for service of original process by mail. *See, e.g., Dobco, Inc. v. Mery Gates, Inc.,* 2006 U.S. Dist. LEXIS 49849 at *6; (D.N.J.); *Quarles v. Lineberger*, 2002 U.S. Dist. LEXIS 5007 at * 4 (E.D. Pa.); *Smith v. Urban*, 1998 U.S. Dist. LEXIS 2589 at * 3-4 (E.D. Pa.)

- Similarly, the **District of Columbia rules** do not permit original process to be served by mail. *See, e.g., Holmes v. PHI Service Co.,* 2006 U.S. Dist. LEXIS 45755 at **14-15 (D.D.C.);

- Likewise, the **Pennsylvania Rules of Civil Procedure** do not authorize service of original process within Pennsylvania by mail, including certified mail. *See Sampath v. Concurrent Technologies Corp.*, 227 F.R.D. 399, 402 (E.D. Pa. 2005) (citing cases).

7.  Even when a defendant "clearly [has] actual notice of plaintiff's . . . complaint, actual notice by itself is not enough to establish personal jurisdiction over a person in the absence of valid service of process." *Thompson v. Mattleman*, 1995 U.S. Dist. LEXIS 7171 at *5 (E.D.Pa.); *cf. Johnson v. Payless Shoe Source, Inc.,* 841 A.2d 1249, 1254 (D.C. Ct. App. 2004) ("actual notice of an action cannot cure ineffective service of process").

**The proper course is to quash service**

8.  When there is a reasonable prospect that service can be properly effected, the appropriate course is to quash process rather than to dismiss the case. *James v. Booz-Allen & Hamilton, Inc.*, *supra*, 206 F.R.D. at 18; *see Lindsey v. United States*, 2006 U.S. Dist. LEXIS 58657 at *22 (D.D.C.) ("[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings"), *citing Moore v. Agency for Intern'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). We presume that the defect presented here

can be overcome. Therefore, Woodstream requests that process be quashed; that Plaintiff be ordered to effect proper service by a date certain, and that Plaintiff be warned that failure to do so will result in dismissal.

## Conclusion

WHEREFORE, for the reasons and under the authorities shown, Woodstream requests that the Court quash the service of process.

Respectfully submitted,

/ s /

_____
Harvey B. Jacobson, Jr.
  (D.C. Bar No. 54577)
Philip L. O'Neill
  (D.C. Bar No. 941823)
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 626-4681
Fax: (202) 393-5350


Attorneys for Defendant
Woodstream Corporation


## VERIFICATION

I am the President of Defendant Woodstream Corp. I hereby declare under penalty of perjury under the laws of the United States that the facts recited in numbered paragraphs 1-3 of the Memorandum hereinabove are true and correct to the best of my knowledge and belief.

/ s /
_____
Harry Whaley

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2006, I caused a true and correct copy of the foregoing VERIFIED MOTION TO QUASH AND MEMORANDUM IN SUPPORT to be served by first class U.S. mail, postage prepaid, upon:

> Robert McQueen
> c/o Robin Services, Inc.
> 611 Raleigh Street, S.E.
> 1st Floor
> Washington, D.C. 20032
>
> *Pro Se*

*/ s /*
_____
Philip L. O'Neill

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:05-CV-2068 |
| ) | |
| v. ) | Judge Ricardo M. Urbina |
| ) | |
| WOODSTREAM CORPORATION, ) | |
| 69 N. Locust Street ) | |
| Lititz, PA 17543 ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **ORDER**

Upon consideration of Defendant Woodstream Corp.'s Motion to Quash Service of Process pursuant to Fed. R. Civ. P. 12(b)(5), and the opposition of Plaintiff Robert McQueen thereto, and all other matters of record, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that Plaintiff shall effect proper service by no later than _____, 2006, failure of which shall result in dismissal of this action.

_____
UNITED STATES DISTRICT JUDGE

Copies to all Counsel and Plaintiff