UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:05-CV-2068 |
| ) | |
| v. ) | Judge Ricardo M. Urbina |
| ) | |
| WOODSTREAM CORPORATION, ) | |
| 69 N. Locust Street ) | |
| Lititz, PA 17543 ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR EARLY STATUS CONFERENCE
AND MEMORANDUM IN SUPPORT**

Defendant Woodstream Corporation ("Woodstream"), by counsel, hereby moves pursuant to FRCP 1, 7(b) and 16 for an order setting an early pretrial status conference.[1] The grounds for this motion are that due to several urgent and unique circumstances, discussed below, this case requires special management procedures that ought to be implemented at the earliest possible time. In particular, Woodstream proposes the following four subjects for discussion at the conference:

**1.     Plaintiff's pro se status.**

Plaintiff recently notified the Court of his decision to "*proceed pro se unless and until he is able to retain new counsel.*"  Praecipe, filed July 5, 2006 (Entry # 2)  Patent cases are among the most complex, time-intensive and expensive cases in the federal system. Unless Plaintiff

---

[1] Under its Standing Order for Civil Cases, ¶ 7, at p. 4, the Court ordinarily sets an initial status conference after the Defendant has answered the complaint. Given Woodstream's pending motion to quash service, filed herewith, the conference would probably not occur for at least several months. For the reasons set forth herein, Woodstream requests that a conference be set sooner than that, at the earliest possible date.

possesses extraordinary technical skills, specialized patent law knowledge, a deep pocket and ample time to devote to this case, it is inconceivable that he can represent himself effectively.

At the conference, Woodstream suggests that the Court inquire into Plaintiff's:

- search for new counsel, if any;

- his knowledge of the law of patent prosecution and infringement; and

- his ability to devote the necessary time and attention to the prosecution of this action;

Plaintiff's dismissal of his former attorney and decision to proceed *pro se* raises a concern that he cannot find an attorney who believes in the merit of his case and/or that Plaintiff is unable to afford a private attorney. In either case, *pro se* prosecution of this case is bound to impose substantial cost and burdens upon the Court and Woodstream, which could be avoided if Plaintiff were represented by competent counsel.

**2.    Notice to Plaintiff of the consequences of failing to observe court rules.**

This action was filed on October 11, 2005, ten months ago. At the time Plaintiff's former counsel informed Woodstream's counsel that Plaintiff would defer service of the complaint. Since then, Plaintiff has failed to observe two related and elementary rules of civil procedure:

a.    <u>Time for service</u>. Under FRCP 4(m), Plaintiff had until February 8, 2006 (120 days) to serve the complaint. He failed to do so. Instead, on July 25, 2006, more than 5 ½ months out of time and without a showing of "good cause" as required by FRCP 4(m), Plaintiff moved *ex parte*[2] for relief from the Rule's time requirements (Entry # 5). The Court granted the motion on July 27, 2006 (Entry # 6).

---

[2]    By the time of this motion, Plaintiff knew the identity of Woodstream's District of Columbia counsel—he had met with one of them in person and had received a letter from Woodstream's counsel through his prior attorney—but nevertheless failed to serve a copy of the motion upon them.

2

  b. <u>Method of service</u>.  On or about August 14, 2006, Plaintiff served the complaint by certified mail return receipt requested (which was provided).  This method of service, however, is not permitted under applicable laws.  *See, e.g., Sampath v. Concurrent Technologies Corp.*, 227 F.R.D. 399, 402 (E.D. Pa. 2005), cited in Woodstream's Motion to Quash Service of Process, filed herewith.

 Right out of the gate, therefore, Plaintiff has twice dropped the procedural ball.  This is a bad sign.  It is likely to happen again, and repeatedly, given that Plaintiff is proceeding *pro se*.  At the conference, Woodstream suggests that Plaintiff be explicitly warned about the consequences of failing to observe the federal and local rules of procedure.  As Judge Walton recently stated in *Lindsey v. United States*, 2006 U.S. Dist. LEXIS 58657 at *22 (D.D.C.):

> Although "[d]istrict courts do not need to provide detailed guidance to pro se litigants," <u>they should at least "supply [pro se plaintiffs] minimal notice of the consequences of not complying with procedural rules</u>."

  **3.** **<u>Woodstream's Rule 11 notice.</u>**

 Rule 11 calls for sanctions to be imposed on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual or legal foundation, or asserted for an improper purpose.  *See, e.g., Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).  A "frivolous" argument or claim is one that is "both baseless and made without a reasonable and competent inquiry."  *Id*.  A litigant who files a frivolous claim is liable for sanctions, including award of attorney's fees in defending against the claim:

> The sanction should be imposed on the persons -- whether attorneys, law firms, or <u>parties</u> -- who have violated the rule or who may be determined to be responsible for the violation. The person signing, filing, submitting, or advocating a document has a non-delegable responsibility to the court, and in most situations is the person to be sanctioned for a violation. (emphasis added)

FRCP 11, Advisory Comm. Note.

By letter dated May 1, 2006 (attached hereto as **Exhibit 1**), Woodstream called upon Plaintiff to withdraw its complaint, and notified Plaintiff that it intended to seek Rule 11 sanctions if Plaintiff elected to continue with the suit. The letter reviews the parties' communications after the lawsuit was filed, and recites the fact of a December 11, 2005 meeting to discuss the case at which Woodstream's counsel, Plaintiff and his former counsel were present. At that meeting, Woodstream's counsel specifically identified at least eight (8) limitations of claim 1 of the patent allegedly infringed (U.S. Patent No. 4,709,503) that were not present in Woodstream's mouse trap. Woodstream also provided Plaintiff with a sample of Woodstream's accused mouse trap because it appeared that he had not previously seen one.

If this case proceeds, Woodstream intends to file the letter in the form of a motion in accordance with Rule 11(c )(1)(A), seeking an order requiring Plaintiff to pay Woodstream's attorney's fees and costs in defending this action.

    **4.**    <u>**Ordering Plaintiff to show proof of pre-complaint investigation.**</u>

The law of the Federal Circuit governs most patent-related issues in this case.[3] Under that law, a plaintiff violates Rule 11 unless he obtains an infringement opinion from a qualified patent counsel before filing suit:

> Rule 11(b) requires an attorney to conduct a reasonable inquiry into the law and facts before filing a pleading in a court and to certify that the claims contained therein are not frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. Rule 11(c) then permits a district court to impose sanctions on a party and its attorneys for violation of subdivision (b). <u>In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement</u>**.**

---

[3] The Court of Appeals for the Federal Circuit has appellate jurisdiction in patent infringement cases. *See* 28 U.S.C. §§ 1295(a)(1), 1338(a).

*Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004) (emphasis added).[4] Accordingly, Rule 11 is presumptively violated when a plaintiff initiates an infringement action based solely on the beliefs of a *lay client* even if the client may claim some skill in the relevant technical art. *See S. Bravo Systems v. Containment Technologies Corp.,* 96 F.3d 1372, 1375 (Fed. Cir. 1996) ("If the district court finds that Bravo's attorneys conducted no investigation of the factual and legal merits of Bravo's claims other than to rely on Mr. Bravo's lay opinion that CTC was infringing the '024 patent, it would be difficult to avoid the conclusion that sanctions are appropriate").

It is, frankly, inconceivable that Plaintiff obtained an infringement opinion of qualified patent counsel before filing this lawsuit; Woodstream's mouse traps do not infringe the claims of the subject patents in ways that are too numerous and too obvious for it to be otherwise. By proceeding *pro se*, Plaintiff may be circumventing the procedural safeguard erected by the Federal Circuit—a pre-complaint infringement opinion by qualified counsel—to prevent frivolous patent cases.

Woodstream suggests that the Court order Plaintiff to furnish proof, by a date certain, of having conducted a good faith and reasonable pre-complaint investigation, in the form of a written infringement opinion of patent counsel or some equivalent report by a qualified independent technical expert who has patent prosecution experience. (The opinion or report can be filed with the Court under seal if Plaintiff desires to maintain its confidentiality.) *See* FRCP 16(c)(1) ("At any [Rule 16] conference … the court may take appropriate action with respect to

---

[4] *Accord, e.g., Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066 , 1072 (Fed. Cir. 2002); View *Engineering, Inc. v. Robotic Vision System, Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000). Patent counsel must make a reasonable effort to determine whether the accused device satisfies each of the claim limitations. *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997).

… the formulation and simplification of the issues, including the elimination of frivolous claims or defenses").

Woodstream further suggests that in the meantime all proceedings be stayed pending the Court's receipt and consideration of such opinion. If, upon review, the Court is satisfied that there is a reasonable basis for asserting infringement, then it can issue an order lifting the stay. If not, the Court can take appropriate action, including ordering Plaintiff to show cause why the case should not be dismissed. If the Court wishes, Woodstream will formally move for such relief.

### **Conclusion**

In order to secure the just, speedy and inexpensive determination of this action, FRCP 1, this case requires special management procedures that ought to be implemented as soon as possible. Of course, in addition to the subjects noted above, Woodstream is prepared to discuss any other subjects the Court may be pleased to consider at the conference.

Respectfully submitted,

/ s /
_____
Harvey B. Jacobson, Jr.
  (D.C. Bar No. 54577)
Philip L. O'Neill
  (D.C. Bar No. 941823)
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 626-4681
Fax: (202) 393-5350


Attorneys for Defendant
Woodstream Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2006, I caused a true and correct copy of the foregoing MOTION FOR EARLY STATUS CONFERENCE to be served by first class U.S. mail, postage prepaid, upon:

>Robert McQueen
>c/o Robin Services, Inc.
>611 Raleigh Street, S.E.
>1st Floor
>Washington, D.C. 20032
>
>*Pro Se*

*/ s /*
_____
Philip L. O'Neill

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:05-CV-2068 |
| ) | |
| v. ) | Judge Ricardo M. Urbina |
| ) | |
| WOODSTREAM CORPORATION, ) | |
| 69 N. Locust Street ) | |
| Lititz, PA 17543 ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Upon consideration of Defendant Woodstream Corp.'s Motion for Early Status Conference, and all other matters of record, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that a status conference will be held on _____, 2006 at _____ .m. to consider the matters set forth in Woodstream's motion.

_____
UNITED STATES DISTRICT JUDGE

Copies to all Counsel and Plaintiff