LAW OFFICES OF

# JACOBSON HOLMAN
PROFESSIONAL LIMITED LIABILITY COMPANY

400 SEVENTH STREET, N. W.

WASHINGTON, D. C. 20004

(202) 638-6666

HARVEY B. JACOBSON, JR.
JOHN CLARKE HOLMAN
SIMOR L. MOSKOWITZ
ALLEN S. MELSER
MICHAEL R. SLOBASKY
MARSHA G. GENTNER
JONATHAN L. SCHERER
IRWIN M. AISENBERG
GEORGE W. LEWIS
WILLIAM E. PLAYER
PHILIP L. O'NEILL
LINDA J. SHAPIRO
LEESA N. WEISS
SUZIN C. BAILEY*
MATTHEW J. CUCCIAS
JOSEPH G. CONTRERA
JIWEN CHEN*
ROBERT S. PIERCE*

OF COUNSEL
MARVIN R. STERN
NATHANIEL A. HUMPHRIES

TELEFAX:
(202) 393-5350
(202) 393-5351
(202) 393-5352

www.jhip.com
FIRM EMAIL: ip@jhip.com

*BAR OTHER THAN DC

May 1, 2006

Direct e-mail address:
hjacobson@jhip.com

Thomas L. Peterson, Esq.
ADORNO & YOSS L.L.P.
1000 Vermont Avenue, N.W. - Suite 450
Washington, D.C. 20005

VIA EMAIL and MAIL

Re:  Expired U.S. Patents Nos. 4,709,503
       ("the '503 patent) and 4,815,231
     McQueen v. Woodstream Corporation
     Civil Action No. 1:05cv2068 (DC)



Dear Tom:

    We are indeed disappointed by Mr. McQueen's apparent decision to continue the above litigation despite the clear absence of any patent infringement by Woodstream's subject traps.

    Mr. McQueen should not construe Woodstream's willingness to discuss the litigation issues as a weakness in Woodstream's resolve. Rather, Woodstream is concerned that Mr. McQueen does not appreciate his potential risk and damages should he pursue this unwarranted patent infringement lawsuit. If necessary, Woodstream will aggressively defend this lawsuit, including pursuit of its costs and attorneys fees and sanctions, since the absence of infringement is so evident.

    As I have told you from the outset, and repeatedly since then, Woodstream's traps do not infringe the McQueen patents-in-suit, both of which expired on the same day that you filed the instant lawsuit. In view of Mr. McQueen's apparent decision to go forward, it is instructive to review our various communications since the lawsuit was filed.

    Woodstream learned of the instant lawsuit shortly after it was filed on October 21, 2005. When service of the Summons and Complaint was not received, I telephoned you on November 29, 2005 to inquire about service. You advised that you had not served the Complaint because you were getting together additional information. I informed you at that time that there was no infringement, and you suggested a face-to-face meeting with Mr. McQueen in attendance.

    We subsequently met in my offices on December 14, 2005 with Mr. McQueen. At that time, I repeated that there was no infringement of Mr. McQueen's expired patents by Woodstream's traps. You countered that Mr. McQueen's infringement claims were directed primarily to the '503 patent. I thereupon pointed out that the '503 patent has only a single independent claim, claim 1,

JACOBSON HOLMAN PLLC

Thomas L. Peterson, Esq.
Page 2
May 1, 2006

and that there are numerous limitations set forth in claim 1 which are not present in Woodstream's traps, including at least the following:

(1) The Woodstream traps do not have a "top including at least one insect entry top opening through it to the interior of said housing;

(2) The Woodstream traps do not include "a shelf positionable in said housing";

(3) The Woodstream traps do not have a shelf with "a first sticky insect catching material" on a first shelf side and a "second sticky insect catching material" on a second shelf side;

(4) The Woodstream traps do not have "a first securing means for releasably securing" the shelf to the housing;

(5) The Woodstream traps do not include a shelf "spaced from and between said top and said bottom of the housing";

(6) The Woodstream traps do not include "an end cover movable between an open position providing access to the interior of said housing and defining an end opening through which said shelf can pass into and out of said housing and a closed position extending generally between said top and said bottom;

(7) The Woodstream traps do not include a "first shelf side facing said bottom when said shelf is disposed in said housing"; and

(8) The Woodstream traps to not have an "insect entry side wall opening" positioned between the bottom and the shelf.

All of the above recited limitations are required by claim 1 of the '503 patent.

I further pointed out during the December 14, 2005 meeting that limitations (7) and (8) listed above are both subject to prosecution history estoppel inasmuch as they were necessarily included in claim 1 in order to secure allowance of the claim.

At the meeting, I also provided you with a sample of Woodstream's trap, Model No. 308, which you apparently had not seen before, and you indicated that you would look into the matter of infringement and that you would get back to me the following week. In the meantime, you advised that you would continue to defer service of the Summons and Complaint.

JACOBSON HOLMAN PLLC

Thomas L. Peterson, Esq.
Page 3
May 1, 2006

      I did not hear from you again until your telephone call to me on April 13, 2006, when you said that Mr. McQueen wants to pursue the instant lawsuit. I reiterated that there clearly was no infringement and that Woodstream would seek recovery of attorneys fees and sanctions if Mr. McQueen proceeded. You suggested a conference call with Mr. McQueen which was scheduled for the following day.

      Before the scheduled conference call, you telephoned to advise that Mr. McQueen was "rethinking" pursuit of the lawsuit and, therefore, the conference call would be put off. We had two subsequent conversations on April 19 and April 24. During the latter telephone conversation, you advised that you and your law firm would be seeking withdrawal from representation of Mr. McQueen in the instant lawsuit.

      Let me make it perfectly clear to you and Mr. McQueen: Woodstream will aggressively seek recovery of its attorneys fees and sanctions if this lawsuit proceeds forward. The U.S. Court of Appeals for the Federal Circuit, which as you know has exclusive jurisdiction for all appeals in patent infringement cases, has made it perfectly clear that patentees have an obligation to investigate before asserting charges of patent infringement. Determining such infringement "requires that the patent claims be interpreted and that the claims be found to read on the accused devices", <u>S. Bravo Systems v. Containment Technologies Corporation</u>, 96 F.3d 1372, 1375, 1996 U.S. App. LEXIS 24664 (Fed.Cir. 1996); <u>see</u> also <u>Herbert Judin v. The United States</u>, 110 F.3d 780, 784; 1997 U.S. App. LEXIS 6310 (Fed.Cir. 1997) and <u>View Engineering v. Robotic Vision Systems</u>, 208 F.3d 981, 985; 2000 U.S. App. LEXIS 5761 (Fed.Cir. 2000).

      It is apparent that this lawsuit was filed without adequate investigation of the facts regarding Woodstream's traps and a full and complete evaluation of Mr. McQueen's infringement claims. Therefore, based on the foregoing precedents, Woodstream is undoubtedly entitled to recovery of its attorneys fees and sanctions should Mr. McQueen elect to proceed in this lawsuit.

      As I advised you during our last two telephone conversations, this matter has been delayed too long and Woodstream needs prompt resolution. Accordingly, we call upon you and Mr. McQueen to promptly dismiss the instant lawsuit.

      We await your advices.

                                    Very truly yours,

                                    HARVEY B. JACOBSON, JR.
                                     for JACOBSON HOLMAN, PLLC

HBJ/lhs