UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT McQUEEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05-cv-02068-RMU |
| ) | |
| WOODSTREAM CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MOTION TO DISMISS**

Now comes Plaintiff, Robert McQueen, and respectfully opposes Defendant Motion to Dismiss, or in the Alternative, for a More Definite Statement. The basis for plaintiff's opposition is: 1) plaintiff's complaint complies with the requirements of pleading set for in Rules 8 and 15 of the Federal Rules of Civil Procedure; 2) all of defendant's arguments go to factual matters that should be determined during discovery; 3) Defendant's affirmative defense, failure to meet statute of limitations, lacks facts sufficient to prove this defense, and ignores the relation back aspect clearly provided under Rule 15; 4) defendant's argument that there are adequate remedies at law to address plaintiffs implied contract claims fails because plaintiff is permitted at this stage of the litigation to argue alternative claims under Rule 8; and 5) defendant's argument that the implied contract claim is pre-empted by patent law fails because defendant also lacks the facts to support the defense.

I.    **Background**

Plaintiff, when represented by counsel, brought a claim on October 21, 2005, alleging

RECEIVED
JAN - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

violation of two patents, Nos. 4,709,503 and 4,815,231.[1] The patents were intended to protect a glue trap for small crawling pests, such as mice and insects. The technology, both within the patent and outside the patent, was actually new to the industry because it presented an outside protection to a cardboard glue panel used in the trap, and it provided harborage attraction for the pests.[2] Those concepts were not present in the pest control industry at the time.

Although this action was initially brought as a patent action, after conferring with counsel, including during attempts to obtain new counsel, plaintiff became aware of the strict construction of Patents, particularly the claims under Claim 1 in the patent. He became convinced that there are possible technical defenses to a pure patent infringement case.

However, all counsel believed that the providing of a demonstration of Mr. McQueen's technology, followed by a request by defendant for several samples of the technology, followed by the sending of the samples of the technology to defendant with an accompanying letter asking the defendant not to utilize to its benefit what it learned from the use of these samples, created a factual basis for a claim if the defendant ultimately misappropriated and converted the technology to its own benefit. Such is the case here, and an Amended Complaint was filed in this case.

It is important to note, and as will be substantiated through discovery, the defendant did not know about the specifics of any of Mr. McQueen's patents until he sent them to it with

---

[1] Defendant asserts that both patents have expired, however, patent 4,815,231 has not expired, as it was not registered less than 20 years ago, and was filed at a time that permitted is coverage to extend for twenty years. This is noted simply for the inaccuracy of facts presented by defendant's counsel.

[2] These facts are presented simply to let this Court know that the factual basis for this case is not as clear and as one-sided as presented by defendant's counsel in his motion.

3

accompanying samples of the technology. Defendant had learned of the protective and harborage aspects of the technology during an earlier presentation where no patent was presented.

The defendant, after obtaining the letter and samples from Mr. McQueen and his representative, analyzed the samples, and subsequently developed and marketed products utilizing that technology. Again, there was no similar technology that had been used in the industry to eliminate and control mice or small crawling pests at the time of defendant's exposure to Mr. McQueen's ideas. It was a new technology.

To keep informed of new ideas and products in the pest control industry, Mr. McQueen reads trade magazines, journals and other information that is mailed to professional pest control companies. In late 2003, he noticed for the first time advertisement by woodstream in Pest Control Technology magazine that incorporated technology from the ideas and technology he had developed and presented to Woodstream by providing the samples. Plaintiff's lawsuit is an attempt to prevent defendant from benefitting from the knowledge it gained after plaintiff, in good faith, provided a presentation and samples of his technology and ideas to defendant

## II.    ARGUMENT

### A.    Plaintiff complaint complies with Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires the following in a Complaint initiating an action:

Rule 8. General Rules of Pleading

> (a) CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's

4

jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Plaintiff's Amended Complaint meets all of these requirements. It sets forth a factual statement, virtually identical to that contained in his original complaint, that provides the Court with the basis for jurisdiction, a factual statement surrounding the providing of plaintiff's technology and ideas to defendant, and claims, in the alternative, for relief.

The objective of such pleading under Rule 8 of the Federal Rules of Civil Procedure, is to provide a defendant with sufficient information that will allow it to formulate a response to the Complaint. Nothing defendant asserts prevents it from admitting or denying the allegations in the Amended Complaint, or from asserting its affirmative defenses. Defendant motion at this point must be based on the pleadings, and cannot be based on matters that fall outside of the Complaint.

Further, defendant's request for a More Definite Statement is really a request to provide information that is more properly obtained through discovery. Many of the facts underlying plaintiff's claims involve actions by defendant that are exclusively within the knowledge of defendant, and can only be established through discovery. See Rule 15, Federal Rules of Civil Procedure which provides, in pertinent part:

> 16 Rule 13 (e) MOTION FOR MORE DEFINITE STATEMENT. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

Defendant has sufficient knowledge of the facts alleged to frame a responsive pleading.

5

## B. Plaintiff Has Complied with the Applicable Statues of Limitations

Defendant contends that under any possible construction of events, plaintiff has failed to bring these claims within the 3 year statutory period permitted under District of Columbia Law. This is an affirmative defense that must be proven by defendant, not speculated. In point of fact, Mr. McQueen brought this action within substantially less than three years after he discovered that defendant was manufacturing products that utilized his ideas and technology. He did not discover this misappropriation until sometime in 2003.

Defendants argument fails for two reasons. First, the period of time does not begin to run until plaintiff discovers the illegal conduct. See, Diamond v. Davis, 680 A.2d 364 (D.C. 1996). The initial complaint was filed on October 21, 2005, less than three years after Mr. McQueen discovered the offending conduct.

Second, all of plaintiff pleadings comply with Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides:

> "Rule 15. Amended and Supplemental Pleadings - (a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . "

Further:

> "(c) RELATION BACK OF AMENDMENTS An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, . . ."

Under Rule 15, of the Federal Rules of Civil Procedure, plaintiff had a right to amend his complaint once before any responsive pleading is filed. This he did. The claims set forth in the

6

Amended Complaint, under Rule 15, relate back to the date of the original Complaint. These claims arise out of the conduct and transactions described in the original complaint. The original complaint factually alleges the providing of the ideas and technology to defendant by Mr. McQueen and his representative. The new claims arise from the conduct complained of therein. See plaintiff's original Complaint, paragraphs 9 and 10.

Accordingly, the claims are timely brought. If defendant seeks to establish an earlier date upon which plaintiff knew or should have know about the offending conduct, he may seek that during discovery.

### C.     Plaintiff Has Sufficiently Plead His Fraud Claim

Defendant argues that plaintiffs has failed to plead its fraud claim with particularity. Defendant argues that a sufficient pleading should contain:

> "The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation. . . . One pleading fraud must allege such facts as will reveal the existence of all the requisite elements of fraud." (Defendant Motion, p.9)

Plaintiff has plead these facts, and a specifically as he has at this point in time. Plaintiff alleges in paragraphs 8 through 10 of its Amended Complaint the following:

> 8.     On February 14, 1992, Plaintiff McQueen, through his representative, disclosed the technology described and claimed in the McQueen patents to Defendant Woodstream, specifically its Vice President, Pest Control Division, J. Hibbard Robertson. Woodstream, through Mr. Robertson, requested several prototype samples so that it could analyze the product and determine whether it wished to assist Mr. McQueen in developing and marketing the products further.
>
> 9.     McQueen, through his representative, provided the requested samples, along with copies of the patents, on the written condition that Woodstream be honest and professional and protect the confidentiality of the product. It was also provided the technology on the condition that Woodstream not attempt to circumvent Mr.

        McQueen with knowledge it gained from exposure to this technology.

10.    McQueen offered a licensing opportunity to Woodstream, and renewed it a various times, while checking on the progress of Woodstream in assessing the technology. Woodstream would respond that it was still assessing the technology and had not come to a decision.

If plaintiff omitted anything, it was that all conversations with defendant were with Mr. Robertson, its Vice President. Accordingly, 1) Mr. Robertson requested the samples of plaintiff's technology and 2) represented falsely to plaintiff and his representative that they were going to assess the product for purposes of working with Mr. McQueen to develop and market the product, and 3) that Mr. Robertson knew at the time that the statement was false, and 4) that he had no intention of analyzing Mr. McQueen's ideas and technology for that purpose, 5) and that defendant went on to incorporate Mr. McQueen's technology into its own products and has benefitted from it.

Based on these statements, plaintiff has properly plead its claim of fraud and defendant has sufficient facts to frame a response.

    D.    **Plaintiff's Contract Claim Is Not Pre-empted by Patent Law**

Defendant argues that plaintiffs contract claim is pre-empted by Patent Law. The basis for the argument is that Mr. McQueen's technology was included in his patent, and thus became public information. The argument must fail in a Motion to Dismiss. Mr. McQueen's protection goes beyond those claims set forth in his patents in this matter. The protection and harborage aspects of Mr. McQueen's technology were not contained in the patents and were presented to defendant orally before defendant even knew about the patent. The technology of protection and harborage were learned from both the presentation provided by Mr. McQueen's representative and a further opportunity to exam closely the sample products provided by Mr. McQueen. It was

8

then incorporated into defendant's own products. Plaintiff does not believe that the defendant learned this technology from a review of the patent.

Further, it utilized the technology presented to it by Mr. McQueen's representative after it had been asked not to use it when it accepted and retained the samples provided. The patents were of little or no value to the defendant in this matter.

## III.  CONCLUSION

For the above reasons, defendant motion should be denied.

Respectfully submitted,

*Robert McQueen*
Robert McQueen
611 Raleigh Place, S.E.
1st Floor
Washington, D.C. 20032
202-562-2013

## CERTIFICATE OF SERVICE

This is to certify the above Opposition to Defendant's Motion to Dismiss, or, in the Alternative for a More Definite Statement, was mailed, postage prepaid, this 9th day of January, 2007 to the following counsel:

Harvey B. Jacobson, Jr., Esquire
JACOBSON HOLMAN, PLLC
400 Seventh Street, NW
Suite 450
Washington, DC 20004

*Robert McQueen*
Robert McQueen