THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT MCQUEEN | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:    05-2068 |
| | : | |
| v. | : | |
| | : | |
| WOODSTREAM CORPORATION | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

### Ordering the Parties to Submit Supplemental Briefing

On October 21, 2005, plaintiff Robert McQueen filed a complaint against Woodstream Corporation alleging patent infringement. Specifically, he claimed that the defendant stole his design for a trap for "Small Crawling Pests." Compl. ¶ 2. The plaintiff subsequently filed an amended complaint which withdraws the patent infringement claim and replaces it with allegations of false representation and conversion. In response to the amended complaint, the defendant filed a motion to dismiss arguing that the applicable statutes of limitations bar the plaintiff's claims. In the alternative, the defendant asks that the court order the plaintiff to provide a more definite statement in support of his claims. Before the court can address any of the arguments levied by the parties, the court must consider whether this forum constitutes proper venue.

In his amended complaint, the plaintiff states that venue is proper pursuant 28 U.S.C. §§ 1391(b) and 1400(b) because "the defendant transacts business, has regular established places of business, and/or transacts business at the time the causes of action arose within the District of Columbia." Am. Compl. ¶ 2. Section 1391(a) provides that when a civil action is brought under

the court's jurisdiction on diversity, venue is proper in "(1) a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C.A. § 1391(a) (2001). Aside from citing this provision, the plaintiff does not explain *how* the defendant meets any of the statutory requirements rendering venue in this District proper. If anything, the few circumstances surrounding this case provided by the plaintiff raise questions as to whether, in the interest of justice, a federal district court in Pennsylvania might be the more appropriate venue. Surprisingly, the defendant does not shed any light on the matter in its writings, although presumably the defendant is incorporated in Pennsylvania and maintains its principle place of business there. Without a clear statement on the part of either party, the court is not convinced that venue is proper in this court.

Section 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2001) (emphasis added). Further, the D.C. Circuit ruled that "the procedural obstacles which may be removed by a transfer include . . . improper venue." *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983). In other words, this court must *sua sponte* transfer if venue is improper.

Because the court does not have enough information to assess the appropriateness of venue in this judicial District under § 1391(a), it is hereby this 5th day of March 2007,

**ORDERED** that the parties submit briefing on this issue by April 10, 2007, and it is

**FURTHER ORDERED** that the parties shall have until May 4, 2007 to file responses, and it is

**ORDERED** that the parties shall have until May 18, 2007 to file replies.[1]

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

---

[1] Prior to submitting memoranda, the parties should confer as to their respective positions regarding venue. If the parties agree that appropriate venue lies with the District Court in Pennsylvania, they should jointly notify the court as soon as practicable file a proposed transfer order.