UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  1:05-CV-2068 |
| ) | |
| v. ) | Judge Ricardo M. Urbina |
| ) | |
| WOODSTREAM CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT WOODSTREAM'S BRIEF
CONCERNING TRANSFER FOR IMPROPER VENUE**

Pursuant to the Court's Memorandum Order of March 5, 2007 ("Briefing Order"), Defendant Woodstream Corporation ("Woodstream") hereby submits its brief concerning transfer for improper venue, and respectfully shows the Court that:

**Report of the Parties' Conference**

The parties have conferred as required by the Briefing Order, and been unable to reach agreement that transfer would be appropriate.

Woodstream believes that under the Amended Complaint, venue in this diversity action is improper in this district; and that pursuant to 28 U.S.C. § 1391(a)(1) and (2) venue would properly lie in the United States District Court for the Eastern District of Pennsylvania, where Woodstream is incorporated, licensed to do business and actually doing business and where a substantial part of the events giving rise to the claims arose.

Plaintiff Robert McQueen ("McQueen") contends that venue is proper in this district; and that venue would be improper in the Eastern District of Pennsylvania because, according to McQueen, other than a one-time visit by his agent to Woodstream's headquarters in Pennsylvania,

he had no meaningful contacts with that forum.[1]  Woodstream is unaware of McQueen's position as to specifically why 28 U.S.C. § 1391(a)(1) and (2) are not satisfied in this case.

## Discussion

The Amended Complaint (¶ 3) invokes jurisdiction of this Court based upon diversity, and alleges two state law causes of action, one for fraudulent misrepresentation and the other for breach of implied contract.  In ¶ 4 of the Amended Complaint, McQueen recites that venue is appropriate under 28 U.S.C. § 1391(b) and 1400(b), which relate to venue in federal question and patent cases, respectively.  (He obviously copied without change the venue allegation of his original complaint.)  The Briefing Order correctly notes that the applicable venue provision is 28 U.S.C. § 1391(a).  Under that provision, a diversity action "may … be brought *only* in" one of three possible districts: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim arose; or (3) where the defendant is subject to personal jurisdiction "if there is no district in which the action may otherwise be brought," *i.e.*, if subsections (1) and (2) are not satisfied.

Venue is proper in the Eastern District of Pennsylvania under subsections (1) and (2), and the default rule of subsection 3 therefore does not apply, because:

Residence.  Woodstream is a corporation.  For general venue purposes, a corporation resides where it is incorporated, licensed to do business or is doing business.[2]  Woodstream satisfies all three criteria:  it is incorporated and licensed to business in and actually doing business in Pennsylvania from its principal office in Lititz, Pennsylvania, which is located within the Eastern District.  Venue is therefore proper in the Eastern District of Pennsylvania under subsection (1).

---

[1] McQueen's position is set forth in a letter to the undersigned dated April 6, 2007, a copy of which is attached hereto as **Exhibit A**.  A portion of the letter responding to a settlement proposal by Woodstream has been redacted.

[2] *See, e.g., Travelers Property Casualty Co. v. Hillerich & Bradsby Co.*, 2005 U.S. Dist. LEXIS 32894 at *4 (E.D. Mich. 2005).

"Substantial Part." The gravamen of McQueen's claim is that in 1992 the parties reached an agreement regarding Woodstream's use of proprietary information relating to McQueen's product, which Woodstream had no intention of honoring and otherwise impliedly breached by making and selling competing products incorporating that information. The record[3] indicates that the events giving rise to this claim occurred in substantial part in Pennsylvania:

(i) McQueen, through his agent, Leroy Jenkins, solicited a commercial relationship with Woodstream in **Pennsylvania** involving licensing of his patent by means of phone calls and correspondence directed to Woodstream in that forum;[4]

(ii) McQueen's agent visited Woodstream's office in **Pennsylvania**, and gave a "presentation" about, and performed a "demonstration" of, McQueen's proprietary technology there;[5]

(iii) McQueen sent samples of his product, "Silent George," and copies of his patents to Woodstream in **Pennsylvania**;[6]

(iv) Woodstream evaluated and tested the product in **Pennsylvania**;[7]

(v) McQueen and/or his agent subsequently communicated with Woodstream in **Pennsylvania** on several occasions about the licensing proposal;[8] and

(vi) Woodstream developed and marketed competing products in and from **Pennsylvania** that incorporated McQueen's proprietary information. [9]

---

[3] The record consists of the original and Amended Complaints; McQueen's brief opposing Woodstream's motion to dismiss (Docket Entry No. 15) [hereinafter "McQueen Opposition"]; and McQueen's Motion for Leave to File a Supplemental Statement (Docket Entry No. 20) [hereinafter "McQueen Supp. Statement"], which included three attached letters.

[4] Original Complaint, ¶ 9; Amended Complaint, ¶ 8; McQueen Supp. Statement (attached letters marked as exhibits ## 1-3).

[5] McQueen Opposition at 2, 7; Amended Complaint, ¶ 8.

[6] Amended Complaint, ¶ 9; McQueen Supp. Statement (exhibit # 3).

[7] Amended Complaint, ¶¶ 8, 10, 16; McQueen Opposition at 3, 7.

[8] Amended Complaint, ¶ 10.

[9] Amended Complaint, ¶¶ 11, 14, 16.

Venue is therefore proper in the Eastern District of Pennsylvania under subsection (2).

### Conclusion

Because under 28 U.S.C. § 1391(a) venue is improper in this district but would be proper in the United States District Court for the Eastern District of Pennsylvania, the Court should *sua sponte* transfer this action to that district pursuant to 28 U.S.C. § 1406(a).

                        Respectfully submitted,

                        / s /
                    _____
                    Philip L. O'Neill
                     (D.C. Bar No. 941823)
                    Harvey B. Jacobson, Jr.
                     (D.C. Bar No. 54577)
                    JACOBSON HOLMAN PLLC
                    400 Seventh St., N.W.
                    Washington, D.C. 20004-2218
                    Tel.: (202) 626-4681
                    Fax: (202) 393-5350

                    Attorneys for Defendant
April 10, 2007                 Woodstream Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2007, I caused a true and correct copy of the foregoing DEFENDANT WOODSTREAM'S BRIEF CONCERNING TRANSFER FOR IMPROPER VENUE to be served by first class U.S. mail, postage prepaid, upon:

>Robert McQueen
>c/o Robin Services, Inc.
>611 Raleigh Street, S.E.
>1st Floor
>Washington, D.C. 20032
>
>*Pro Se*

*/ s /*
_____
Philip L. O'Neill