

RECEIVED

APR 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

ROBERT McQUEEN                )
                             )
        Plaintiff,            )
                             )
v.                           )
                             )          1:05-cv-02068-RMU
                             )
WOODSTREAM CORPORATION,       )
                             )
        Defendant.           )
                             )
                             )

RECEIVED

APR 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S BRIEF ON VENUE

The Court has requested a briefing on the appropriateness of venue for this case lying in the U.S. District Court for the District of Colombia. As the Court will see below, venue is properly placed in this Court. All of the transactional events occurred within the District of Columbia. Plaintiff was solicited by Defendant, or its representative, in the District of Columbia. Plaintiff's only contact with defendant outside of the District of Columbia was a one-time trip, at the invitation of defendant, to Lititz, Pennsylvania to demonstrate his product.

## I.    BACKGROUND

This case was initially brought as a patent infringement action. The Complaint has now been amended to drop the patent infringement claim, but to maintain two other common law claims based upon the same set of facts. Jurisdiction of this Court is now based upon diversity of citizenship, plaintiff residing in the District of Columbia, and the defendant based in Lititz, Pennsylvania, with the amount in controversy above $75,000.00. (U.S. Code, Chapter 85, Section

2

1332.)

The claims are based on plaintiff's allegations that the defendant misappropriated his technology and applied it to products that it manufactured and sold. Specifically, it is alleged that defendant adopted in its products a harborage and protection system for glue traps for crawling insects and mice, that was introduced to defendant by the plaintiff through a representative.

As set forth in the attached Affidavit from plaintiff's representative, Leroy T. Jenkins, Jr., the presentation of plaintiff's technology was solicited by the defendant. At all times pertinent to this matter, plaintiff remained in the District of Columbia and transacted all of its business with the defendant from the District of Columbia. The only contact plaintiff had with any jurisdiction outside of the District of Columbia, was a one-time trip to Lititz, Pennsylvania at the invitation of defendant, to present his technology to defendant's representatives at its manufacturing plant. Except for this sole excursion to Pennsylvania, the business transactions at issue in this matter were initiated by defendant, directed to plaintiff in the District of Columbia, and responded to by plaintiff from the District of Columbia.

## II.    LEGAL FRAMEWORK AND ANALYSIS

### A.    Statutory Law

Under Chapter 87, U.S. Code --district Courts; Venue Sec. 1391. Venue generally:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, **(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

3

defendant is subject to personal jurisdiction at the time the action is commenced, if there is no

district in which the action may otherwise be brought. (Emphasis added)

**B.    Analysis**

This is a very straightforward matter. Plaintiff at all times has transacted all of his business

from the District of Columbia at the clear invitation of defendant. As Mr. Jenkins' Affidavit

depicts, he was solicited from defendants representative, at the time in Nashua, New Hampshire,

to present Mr. McQueen's technology to it's manufacturing plant located in Lititz, Pennsylvania.

Another of defendant's representatives, Mr. Robertson, contacted plaintiff's representative in the

District of Columbia after making arrangements for a one-time trip to Lititz for the presentation.

Plaintiff's representative, Mr. Jenkins, made the one-time trip to Lititz. However, all transactions

by plaintiff, both before and after the one-time trip, were responded to or originated in the District

of Columbia.

Accordingly, plaintiff clearly asserts to this Court, that a "substantial part of the events or

omissions giving rise to the claim occurred" in the District of Columbia, and venue therefore,

properly lies within this judicial district.

Further, the Court should give great concern to the hardship that would arise from a

transfer of this matter to Pennsylvania. Plaintiff is a small business man from Southeast

Washington, D.C. Plaintiff has on record with this court his meager earnings. The defendant is a

multinational corporation that has billions in sales every year. This case does not begin on an

equal playing field. To require plaintiff and his witness to travel to Pennsylvania to prosecute this

case would impose a great burden and undue hardship on the plaintiff.

U.S. Code Chapter 87 --district Courts; Venue Sec. 1404 provides

4

"Change of venue (a) For the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or

division where it might have been brought."

Plaintiff submits that it would not be in interest of justice to transfer this case to

Pennsylvania. All of plaintiff's witness are here in the District of Columbia. Moreover, defendant

has admitted in prior pleadings with this court, that all of its witnesses are no longer with the

defendant. Thus, it has no witnesses, nor any other basis upon which to find that a U.S. District

Court in Pennsylvania is a more convenient or appropriate forum for the litigation of this matter.

## III.    CONCLUSION

For the reasons set forth above, this Court should maintain this action in the United States

District Court for the District of Columbia.

Respectfully submitted,

Robert McQueen
Plaintiff, Pro Se
611 Raleigh Place, S.E., 1st Floor
Washington, D.C.  20032
(202) 562-2013

## CERTIFICATE OF SERVICE

This is to certify the above Plaintiff's Brief on Venue was mailed, postage prepaid, this
10th day of April, 2007 to the following counsel:

Paul L. O"Neill, Esquire
JACOBSON HOLMAN, PLLC
400 Seventh Street, NW
Suite 450
Washington, DC 20004

5

Robert McQueen