UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT McQUEEN | ) |
| Plaintiff, | ) |
| v. | ) 1:05-cv-02068-RMU |
| WOODSTREAM CORPORATION, | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE BRIEF ON VENUE

Plaintiff has reviewed defendant's Brief on Venue. Defendant contends that this matter should be transferred to the Commonwealth of Pennsylvania because all transactions took place in Pennsylvania. Plaintiff, on the other hand, proffered evidence that all of the transactions took place in the District of Columbia, except for one visit to the Commonwealth of Pennsylvania at the invitation of the defendant.

Plaintiff should prevail on this issue because the defendant's position is fatally flawed.. It relies on erroneous facts. The defendant has stated as a fact that the contacts by the plaintiff began with a solicitation from plaintiff's representative, Leroy Jenkins, to Woodstream, Inc. Not only is that fact untrue, it is completely fabricated! The defendant provides no support for any of its factual contentions. Accordingly, it has no facts to support any argument that the appropriate venue is the Commonwealth of Pennsylvania.

Because of several misstatements by the defendant, the plaintiff feels compelled to point

RECEIVED
MAY - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

out that this defendant has been very loose and cavalier with his purported factual contentions throughout this litigation. He has cited to technological developments such as the use of glue panels in enclosed devices back in the 1970's, a fact that simply is not true and known to any professional in the pest control field. (See Defendant Motion to Dismiss) He has cited to a patent that does not exist. (Id.) He has cited to pending patents that also do not exist. (Id.) Now, he cites to a fact surrounding the initiation of the relationship between plaintiff and defendant that has no basis in truth.

This lack of due diligence in checking its factual contentions must cease. It is affirmatively misleading.

Defendant's lack of a factual basis for a finding that venue is properly in Pennsylvania, coupled with the several misstatement of "facts" to this Court, coupled with the undue hardship that would be suffered by a plaintiff of limited means were he be forced to prosecute his case in a foreign jurisdiction, should serve to have this Court retain jurisdiction over this matter.

Respectfully submitted,

Robert McQueen
Plaintiff, Pro Se
611 Raleigh Place, S.E., 1st Floor
Washington, D.C. 20032
(202) 562-2013

## CERTIFICATE OF SERVICE

This is to certify the above Plaintiff's Response Brief on Venue was mailed, postage prepaid, this 4th day of May, 2007 to the following counsel:

Paul L. O"Neill, Esquire

3

JACOBSON HOLMAN, PLLC
400 Seventh Street, NW
Suite 450
Washington, DC 20004

*[signature]*
Robert McQueen