UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT MCQUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  1:05-CV-2068 |
| | ) | |
| v. | ) | Judge Ricardo M. Urbina |
| | ) | |
| WOODSTREAM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## WOODSTREAM'S RENEWED MOTION TO DISMISS
## AND MEMORANDUM IN SUPPORT

Defendant Woodstream Corporation ("Woodstream"), by counsel, hereby renews its motion to dismiss the fraudulent misrepresentation claim (Count I) of the First Amended Complaint of Plaintiff Robert McQueen ("McQueen"), and respectfully shows that:

1. McQueen's Amended Complaint contained two alleged causes of action, one for fraudulent misrepresentation and another for breach of implied contract.

2. On December 4, 2006, Woodstream moved to dismiss the Amended Complaint for failure to state a claim or, in the alternative, for more definite statement.

3. By order of August 10, 2007 ("August 10 Order"), the Court (i) granted Woodstream's motion to dismiss the contract claim; and (ii) directed McQueen to file and serve a more definite statement of his claim of fraudulent misrepresentation in respect to certain matters noted in the Court's Memorandum Opinion of the same date.

4. The August 10 Order did not specify a time for compliance.  Consequently, the time for McQueen's compliance is governed by the 10-day rule of Fed. R. Civ. P. 12(e): "If the court

orders a more definite statement and the order is not obeyed *within ten days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.* (emphasis added)

5. Four months have elapsed since the August 10 Order. As of the date hereof, McQueen has failed to file or serve a more definite statement of his claim or to seek an extension of the compliance date.

6. Pursuant to Fed. R. Civ. P. 41(b),[1] this Court can and should order dismissal of McQueen's remaining claim for failure to prosecute and/or to comply with the August 10 Order.

A proposed form of order to that effect is attached hereto.

WHEREFORE, for good cause shown, Woodstream requests that the Court dismiss the fraudulent misrepresentation claim with prejudice and close this case.

Respectfully submitted,

/ s /
_____
Philip L. O'Neill
 (D.C. Bar No. 941823)
Harvey B. Jacobson, Jr.
 (D.C. Bar No. 54577)
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 626-4681
Fax: (202) 393-5350

Attorneys for Defendant
Woodstream Corporation

December 14, 2007

---

[1] "**Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. …"

3

## CERTIFICATE OF SERVICE

  I hereby certify that on this 14th day of December, 2007, I caused a true and correct copy of the foregoing WOODSTREAM'S RENEWED MOTION TO DISMISS AND MEMORANDUM IN SUPPORT to be served by first class U.S. mail, postage prepaid, upon:

    Robert McQueen
    c/o Robin Services, Inc.
    611 Raleigh Street, S.E.
    1st Floor
    Washington, D.C. 20032

        / s /
      _____
        Philip L. O'Neill