UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT McQUEEN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>WOODSTREAM CORPORATION, )<br>)<br>Defendant. )<br>)<br>_____ ) | 1:05-cv-02068-RMU |

## PLAINTIFF'S MORE DEFINITE STATEMENT

Now comes plaintiff, Robert McQueen, pro se, and sets forth a more definite statement regarding Count 1 of Plaintiff's Amended Complaint. Plaintiff specifically incorporates all facts set forth in his Amended Complaint. Plaintiff restates Count I as follows:

## COUNT I - FRAUDULENT MISREPRESENTATION

1. Defendant Woodstream wilfully made a fraudulent misrepresentation to Mr. McQueen by falsely representing to him the material fact that it was assessing his technology for possible licensing and/or future development with McQueen. Specifically, defendant requested and accepted samples of plaintiff's technology. Plaintiff provided that technology with the specific understanding that Woodstream would evaluate its value and marketability for purposes of determining whether it would enter into a joint venture with plaintiff to produce and market the technology.

RECEIVED
DEC 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2. However, instead of so evaluating the technology, the defendant intentionally sat on the technology until substantial time had passed. During that time, defendant failed to initiate any communications with the plaintiff or his representative. Defendant, when approached by plaintiff, stated that they were still evaluating the technology.

3. However, in or about 2003, defendant began to market a product that incorporated plaintiff's technology. At no time did the defendant contact the plaintiff and advise him that it had incorporated his technology into its products. Moreover, it concealed any information about the manufacturing and marketing of plaintiff's technology from him. Further, defendant failed to engage in a joint venture or other business relationship so that plaintiff could benefit from the sales of his technology. In fact, it was only though pure happenstance that the plaintiff, while reviewing a trade publication in the pest control industry, spotted the product that was being marketed by defendant and that had incorporated plaintiff's technology.

4. Plaintiff believes it is clear that defendant knew at the time that it stated to plaintiff that it would evaluate his technology for purposes of a potential joint venture that the statement was false and that it had no intention of pursing a license or other joint venture with plaintiff. The purpose of this false representation was to obtain samples of plaintiff's technology with the intent to convert them to defendant's own use and benefit. As a result, plaintiff has suffered the loss of the profits Woodstream has gained through its conversion of defendant's technology.

Respectfully submitted,

Robert McQueen<br>
Plaintiff, Pro se

## CERTIFICATE OF SERVICE

This is to certify the above Plaintiff's More Definite Statement was mailed, postage prepaid, this 20th day of December, 2007 to the following counsel:

> Paul L. O"Neill, Esquire
> JACOBSON HOLMAN, PLLC
> 400 Seventh Street, NW
> Suite 450
> Washington, DC 20004

*(signature)*
Robert McQueen