**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT MCQUEEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WOODSTREAM CORPORATION, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:05-CV-2068<br><br>Judge Ricardo M. Urbina |

### WOODSTREAM'S REPLY RE: ITS RENEWED MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO LATE FILE MORE DEFINITE STATEMENT

Defendant Woodstream Corporation ("Woodstream") hereby submits its Reply in support of its Renewed Motion to Dismiss and in opposition to Plaintiff Robert McQueen's ("McQueen") motion for leave to late file a more definite statement, and respectfully shows that:

1.  There are two fatal defects in McQueen's filings: first, his excuse for being four months late in serving a more definite statement—that he "*did not know how to respond*" to the Court's order and that his lawyer friend who has been advising him "*has been unable to assist*" him due to job commitments—is plainly insufficient. McQueen cannot have it both ways: having insisted upon proceeding *pro se*, he cannot now claim ignorance of the Federal Rules or inability to obtain legal advice as justification for his contempt of the Court's order. Four months' tardiness in obeying a court order is intolerable. At no time until Woodstream renewed its motion to dismiss did McQueen ask for more time to respond (had Woodstream not moved, how many more months would have transpired before McQueen responded to the order?). Very early in this now two year-old case the Court gave McQueen fair warning that he would be held to the same standard as any

other litigant,[1] which includes knowing the rules and following them.  He has chosen to ignore that warning, and now must accept the consequences.

2.    Second, and far worse, the Statement submitted by McQueen is <u>not</u> any more "definite" in the <u>specific</u> ways that the Court's ordered, to wit:

> "The plaintiff fails to plead with particularity several critical elements necessary to establish fraudulent misrepresentation. … Thus, while the plaintiff has specified matters such as the time, place and content of the false misrepresentations, he has not specified what the opponent retained or the claimant lost as a consequence of the alleged fraud. … In order to enable the defendant to effectively respond, … <u>the plaintiff must specify which technology the defendant inappropriately converted and in which of the defendant's products this technology was used</u>."

Memorandum Opinion of August 10, 2007 at 15-16 (emphasis added).  *See id*. at 15 ("The plaintiff alleges [in his amended complaint] only that he 'spotted a Woodstream product that incorporated all or most of the technology that he had disclosed to Woodstream.'").

The so-called More Definite Statement filed by McQueen merely restates (often verbatim) what his existing amended complaint already alleges.[2]  The More Definite Statement fails to identify *what specific* technology of McQueen's was converted and in *what specific* Woodstream

---

[1]    On August 30, 2006, Woodstream filed a Motion for Early Status Conference in order to, among other things, give McQueen clear notice of the "consequences of failing to observe court rules," citing McQueen's inordinate delay in serving the complaint and improper method of service.  *See id*. at p. 3: "Right out of the gate, therefore, Plaintiff has twice dropped the procedural ball.  This is a bad sign.  It is likely to happen again, and repeatedly, given that Plaintiff is proceeding *pro se*."

The Court responded by issuing the Minute Order of August 30, 2006 (Dkt. # 9) notifying the parties of their obligation to follow the Standing Order for Civil Cases.  The Standing Order states that "the parties should work within the time frames set by court order" and requires motions for extension of time be filed four days *before* expiration of the applicable time. *Id*. at p. 3, ¶ 5.  In its Minute Order of January 11, 2007, the Court expressly ordered McQueen to read the Standing Order and stated:  "**Failure to follow the court's Standing Order WILL result in sanctions**."

[2]    *Compare, e.g*., Amended Complaint ¶ 14 *with* More Definite Statement ¶ 1.  Other sentences in the Statement are paraphrases of portions of affidavits and briefs submitted by McQueen when opposing Woodstream's original motion to dismiss.

2

products the converted technology is incorporated.  In short, all that McQueen has done is to rehash what the Court has already held to be insufficient pleading.

3.    On this record, therefore, the amended complaint continues to lack the specificity required by FRCP 9(b), despite McQueen having been given more than a fair opportunity to cure this deficiency.  The Amended Complaint fails to state a claim of fraudulent misrepresentation. Dismissal with prejudice is appropriate.

WHEREFORE, the Court should deny McQueen's motion for leave to file a more definite statement and grant Woodstream's renewed motion to dismiss.

Respectfully submitted,

/ s /
_____
Philip L. O'Neill
 (D.C. Bar No. 941823)
Harvey B. Jacobson, Jr.
 (D.C. Bar No. 54577)
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 626-4681
Fax: (202) 393-5350

Attorneys for Defendant
Woodstream Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2007, I caused a true and correct copy of the foregoing WOODSTREAM'S REPLY RE: ITS RENEWED MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO LATE FILE MORE DEFINITE STATEMENT to be served by first class U.S. mail, postage prepaid, upon:

>Robert McQueen
>c/o Robin Services, Inc.
>611 Raleigh Street, S.E.
>1st Floor
>Washington, D.C. 20032

/ s /
_____
Philip L. O'Neill