UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MCQUEEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WOODSTREAM CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:05-CV-2068<br><br>Judge Ricardo M. Urbina |

**WOODSTREAM'S RESPONSE RE:
PLAINTIFF'S AMENDED MORE DEFINITE STATEMENT**

Defendant Woodstream Corporation ("Woodstream") hereby submits its Response to the amended more definite statement filed by Plaintiff Robert McQueen ("McQueen"), and respectfully shows that:

1. On December 14, 2007, Woodstream renewed its motion to dismiss, arguing that McQueen had failed to obey the Court's August 10, 2007 Order requiring him to file and serve a more definite statement of his claim that Woodstream had fraudulently misrepresented its intentions in 1992 to convert McQueen's technology. McQueen responded to the motion by filing a More Definite Statement which, as Woodstream pointed out in reply, nonetheless failed to cure the deficiencies identified by the Court in the August 10 Order, namely, the lack of *specific* allegations as to *what technology* of McQueen's was converted and in *what* Woodstream *products* the converted technology was incorporated.

2. The procedural free-for-all continues: in yet another, belated attempt to stave off dismissal, McQueen has now filed an "amended" statement that purports to cure those deficiencies. It does not. The amendment merely describes the allegedly converted technology in the same

vague, general terms that have characterized McQueen's pleading to date. The amendment says: "The technology is a fully enclosed permanent glue trap with disposable glue panels ..., *as explained in several briefs filed with this court, and in the original complaint.*" The Court has already found those explanations—whatever they may be (what briefs? where in the original complaint?)—to be impermissibly vague to support a fifteen-year old fraud claim. There must be much more specificity than that, and none has been supplied.

      3.     We reiterate: McQueen recast his patent infringement complaint as a common law action, contending that

> "... by the sending of the samples of technology to [Woodstream] with an accompanying letter asking [Woodstream] not to utilize to its benefit <u>what it learned</u> from the use of these samples, created a factual basis for a claim [that Woodstream] ultimately misappropriated and converted the technology to its benefit." (emphasis added)

Plaintiff's Opposition to Defendant's Motion to Dismiss, filed January 9, 2007, at 2 (Dkt. Entry # 15). As Woodstream demonstrated on brief, it has been selling enclosed traps with disposable glue boards for more than thirty years (as has others), long before the alleged fraudulent misrepresentation. The point of Woodstream's motion for a more definite statement, and the Court's order requiring more specificity, was and is to answer this question: <u>what precisely did Woodstream "learn" from the physical embodiments of McQueen's patents, the samples?</u> [1]
The two patents owned by McQueen contain a combined *fifty (50) separate claims* (the '503 patent has twenty-one and the '231 patent has twenty-nine); if, as it appears, McQueen contends that one or more of these claimed innovations was "misappropriated" by Woodstream, <u>then he is obligated to tell us specifically which claim(s) of those patents describe the misappropriated technology.</u> Or,

---

[1] The question is not academic; the answer will expose whether there is any merit to the fraud claim. That is, if what Woodstream "misappropriated" in 1990s was some commonplace or well known technology (such as removable glue boards within an enclosed trap), then the claim is bogus—nothing that he owned or had value was taken.

alternatively, to tell us with equal specificity how or where in Woodstream's accused products the claimed matters are found.

4.      In effect, McQueen's latest filing constitutes a <u>fourth</u> amended complaint: the original complaint, the first amended complaint, the first more definite statement and now the amended more definite statement.  As it is, McQueen's current pleading still has the same paralyzing lack of definiteness that has characterized his pleading from the outset.  Enough is enough:  if McQueen still cannot identify and explain in clear, precise language the misappropriated technology, there is no hope he ever can.  The complaint should be dismissed because a fraud defendant like Woodstream is entitled to a definite statement of the wrongful conduct, and none has been supplied by McQueen, in violation of Rule 9(b) and the August 10 Order.

Respectfully submitted,

/ s /

_____
Philip L. O'Neill
 (D.C. Bar No. 941823)
Harvey B. Jacobson, Jr.
 (D.C. Bar No. 54577)
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 626-4681
Fax: (202) 393-5350

Attorneys for Defendant
Woodstream Corporation

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2008, I caused a true and correct copy of the foregoing WOODSTREAM'S REPLY RE: PLAINTIFF'S "AMENDED" MORE DEFINITE STATEMENT to be served by first class U.S. mail, postage prepaid, upon:

>Robert McQueen
>c/o Robin Services, Inc.
>611 Raleigh Street, S.E.
>1st Floor
>Washington, D.C. 20032

/ s /
_____
Philip L. O'Neill