UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT MCQUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  1:05-CV-2068 |
| | ) | |
| v. | ) | Judge Ricardo M. Urbina |
| | ) | |
| WOODSTREAM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**WOODSTREAM'S ANSWER AND COUNTERCLAIM**
**TO AMENDED COMPLAINT**

Defendant Woodstream Corporation ("Woodstream"), by counsel, hereby submits its Answer and Counterclaim to the Amended Complaint of Plaintiff Robert McQueen ("McQueen"), as follows:

**ANSWER**

1.  Defendant Woodstream admits the allegations of ¶ 1 of the Amended Complaint.

2.  Defendant Woodstream admits the allegations of ¶ 2 of the Amended Complaint except denies that it is "doing business" in the District of Columbia within the meaning of the D.C. long arm statute or otherwise.

3.  Defendant Woodstream admits that it is a Pennsylvania corporation having an address and place of business in Lititz, PA, and that the parties are citizens of different states for diversity purposes.  Woodstream otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegation in ¶ 3 of the

Amended Complaint that the amount in controversy exceeds $75,000 and therefore denies the same.

4. Defendant Woodstream admits the allegations of ¶ 4 of the Amended Complaint.

5. Defendant Woodstream admits the allegations of ¶ 5 of the Amended Complaint but denies that U.S. Patent No. 4,709,503 was validly or legally issued.

6. Defendant Woodstream admits the allegations of ¶ 6 of the Amended Complaint but denies that U.S. Patent No. 4,815,231 was validly or legally issued.

7. Defendant Woodstream denies the allegations of ¶ 7 of the Amended Complaint.

8. Defendant Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8 of the Amended Complaint and therefore denies the same.

9. Defendant Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9 of the Amended Complaint and therefore denies the same.

10. Defendant Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10 of the Amended Complaint and therefore denies the same.

11. Defendant Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11 of the Amended Complaint and therefore denies the same.

12. Defendant Woodstream denies the allegations of ¶ 12 of the Amended Complaint except admits that it did not take a license from McQueen.

13. Defendant Woodstream incorporates by reference its responses to ¶¶ 1 – 12 of the Amended Complaint as if fully set forth herein.

14. Defendant Woodstream denies the allegations of ¶ 14 of the Amended Complaint.

15. [No answer required because this claim has been dismissed.]

16. [No answer required because this claim has been dismissed.]

17. Defendant Woodstream denies that McQueen is entitled to the judgment or any of the relief for which he prays in ¶ 17 of the Amended Complaint.

### Answer to Plaintiff's More Definite Statement

Woodstream denies each and every allegation set forth in Plaintiff's More Definite Statement, filed December 20, 2007.

### Answer to Plaintiff's Amended More Definite Statement

Woodstream denies each and every allegation set forth in Plaintiff's Amended More Definite Statement, filed January 4, 2008.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief might be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred in part by the statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the economic loss rule.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred in whole or in part by equitable principles including the doctrines of estoppel, laches, waiver and/or acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is preempted by federal patent law.

WHEREFORE, having fully answered, Defendant Woodstream prays:

    A.    That the Amended Complaint herein be dismissed with prejudice and that McQueen take nothing by his Amended Complaint;

    B.    That Woodstream be found not to have violated any of the provisions of law alleged in the Amended Complaint;

    C.    That Woodstream be awarded its costs and expenses, including reasonable attorneys' fees necessitated by the defense of this action; and

    D.    That the Court grant Woodstream such other and further relief as it may deem just and proper.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff, Woodstream Corporation ("Woodstream"), by counsel, hereby submits this counterclaim for declaratory judgment against Plaintiff/Counterclaim Defendant, Robert McQueen ("McQueen"), as follows:

18. Counterclaim Plaintiff Woodstream is a Pennsylvania corporation having an address and place of business at 69 N. Locust Street, P.O. Box 327, Lititz, Pennsylvania 17543-0327.

19. Counterclaim Defendant McQueen is, according to the allegations of the Complaint and Amended Complaint herein, a private individual having a mailing address at 611 Raleigh Place, S.E., Washington, D.C. 20032.

20. The original Complaint herein asserts that Counterclaim Plaintiff Woodstream infringes each of U.S. Patents Nos. 4,709,503 (the "'503 patent") and 4,815,231 (the "'231 patent") (collectively "the McQueen patents") owned by Counterclaim Defendant McQueen, and the Amended Complaint asserts that the technology described and claimed in the McQueen patents was allegedly converted by Counterclaim Plaintiff Woodstream for its own use and benefit.

21. After the filing of the original Complaint herein for infringement of the McQueen patents, and prior to May 1, 2006, counsel for Woodstream met with McQueen and his then counsel in order to explain in detail why Woodstream's accused traps did not infringe the McQueen patents, which discussions are summarized in the May 1, 2006 letter from Woodstream's counsel to McQueen's then counsel, a copy of which is incorporated herein by reference. Despite these warnings, McQueen persisted in his Complaint without dismissal with prejudice, and now continues to allege in his Amended Complaint that the technology of the McQueen patents has been fraudulently

misappropriated by Woodstream, which implicates rights and remedies arising under federal patent law.

22.   An actual controversy exists between Counterclaim Plaintiff Woodstream and Counterclaim Defendant McQueen as to the validity, infringement and enforceability of the '503 patent and '231 patent.

23.   This counterclaim arises out of the transactions and occurrences set forth in the original Complaint and Amended Complaint herein and is, therefore, compulsory.

24.   Counterclaim Plaintiff Woodstream has not infringed, contributorily infringed, or induced the infringement of, and is not now infringing, contributorily infringing, or inducing infringement of the '503 patent and '231 patent, or either of them. Both patents expired on October 21, 2005.

25.   The '503 patent and '231 patent, and each of them, are, upon information and belief, invalid, void, and unenforceable for failure to satisfy the conditions of Title 35, U.S. Code, including, but not limited to, §§ 102, 103 and/or 112.

WHEREFORE, Counterclaim Plaintiff Woodstream, for its counterclaim, prays that this Court determine and declare:

A.   That U.S. Patents Nos. 4,709,503 and 4,815,231 are invalid, void and unenforceable;

B.   That Counterclaim Plaintiff Woodstream did not infringe, contributorily infringe, and/or induce infringement of, U.S. Patents Nos. 4,709,503 and 4,815,231, or either of them;

C.   That this is an exceptional case and that Woodstream is awarded its costs and attorneys' fees in this action; and

      D.    That the Court grant Woodstream such other and further relief as it may deem just and proper.

Dated: March 20, 2008                    Respectfully submitted,

                                            WOODSTREAM CORPORATION

                                                    / s /
                                  By: _____
                                      Philip L. O'Neill
                                       (D.C. Bar No. 941823)
                                    Harvey B. Jacobson, Jr.
                                       (D.C. Bar No. 54577)
                                     JACOBSON HOLMAN PLLC
                                     400 Seventh St., N.W.
                                     Washington, D.C. 20004-2218
                                     Tel.: (202) 626-4681
                                     Fax: (202) 393-5350

                                     Attorneys for
                                     Defendant/Counterclaim Plaintiff
                                     Woodstream Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2008, I caused a true and correct copy of the foregoing WOODSTREAM'S ANSWER AND COUNTERCLAIM TO AMENDED COMPLAINT to be served by first class U.S. mail, postage prepaid, upon:

>Robert McQueen
>c/o Robin Services, Inc.
>611 Raleigh Street, S.E.
>1st Floor
>Washington, D.C. 20032

/ s /
_____
Philip L. O'Neill